UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ALEXANDER ROBB,

                             **Plaintiff,**

    -against-

CELK DISTILLING LLC and DAVID W. DEFISHER,

                             **Defendants.**
---------------------------------------------------------

**COMPLAINT**

**23-cv-6142**

Plaintiff Alexander Robb, by his attorney, Justin M. Cordello, Cordello Law PLLC complaining of defendants CELK DISTILLING LLC and DAVID W. DEFICHER (collectively, "defendants"), allege:

## NATURE OF THE ACTION

1. Throughout plaintiff's employment, defendants required that he work hours in excess of 40 without overtime compensation and failed to issue required wage notices and statements.

2. Plaintiff brings this action to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest and attorneys' fees and costs pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and section 190 *et seq.* of the New York Labor Law ("NYLL") in the six years preceding the filing of this Complaint.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

1

**VENUE**

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred in the Western District of New York and plaintiff and defendants reside in this District.

**THE PARTIES**

**Plaintiff**

5. Plaintiff Alexander Robb resides in Williamson, New York.

6. Defendants employed Mr. Robb from January 2014 through February 2023 as a cider maker.

7. Throughout his employment, Robb was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

8. Throughout his employment, Robb was a covered, non-exempt employee within the meaning of the FLSA and NYLL.

**Defendants**

9. Defendant Celk Distilling LLC ("Celk") is a New York corporation that owns and operates Rootstock Ciderworks ("Rootstock") a cidery located in Williamson, NY.

10. Celk has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Celk is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Celk is the entity that appeared on plaintiff's paystub, W-2 statements.

13. At all relevant times, defendants have maintained control, oversight, and direction over plaintiff including timekeeping, payroll and other employment practices that applied to him.

14. Defendant David DeFisher owns and operates Celk and serves as the owner operator of Rootstock.

15. Throughout plaintiff's employment, David DeFisher hired and fired employees, directed the manner in which plaintiff Robb performed his daily duties and assignments, and established and implemented the pay practices and policies at Rootstock.

16. For example, David DeFisher was regularly present at Rootstock.

17. For example, David DeFisher personally directed the work duties of the cidery staff, including plaintiff Robb.

18. For example, David DeFisher hired and fired plaintiff Robb and set the terms of his compensation.

19. David DeFisher exercises sufficient control over the operations at RootStock to be considered plaintiff's employer under the FLSA and NYLL.

FACTUAL ALLEGATIONS

**Defendants' Failure to Pay Plaintiff Robb Overtime Wages**

20. Throughout plaintiff Robb's employment, defendants failed to pay him overtime wages.

21. As a cider make for defendants, Mr. Robb' job duties included the following:

- Pressing fruit for the cider;
- Making ciders and packaging:
- Quality assurance throughout the cider making process;
- Train part-time production employees and another cider maker;

- Maintaining equipment on the production line necessary to the cider making process;
- Stock management of raw materials, bottles and other materials; and
- Participate in sales activities and events to promote ciders produced on weekends and after hours.

22. Plaintiff's paystubs from every workweek throughout his employment, do not reflect any overtime payments.

23. Plaintiff Robb typically worked 50 hours per work week and often worked 55 hours a week.

24. Defendants needed plaintiff Robb to live on the premise of Rootstock be available to work on call and serve the needs of the Rootstock facility and in January 2020 provided him with a small cabin to live in on the premise.

25. From 2014 through 2023 as reflected in the paystubs Defendants paid Plaintiff Robb the same bi-weekly pay regardless of the fact that Robb regularly worked 50 or more hours per week.

26. Plaintiff Robb had no managerial authority to hire, fire, promote or discipline employees, nor did Robb direct the work of two or more full time employees or determine Company policies or budgets.

## FIRST CLAIM
**Fair Labor Standards Act – Unpaid Overtime Wages**

27. Plaintiff Robb repeats and realleges all forgoing paragraphs as if set forth herein.

28. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq.*

29. Defendants are required to pay plaintiff overtime pay for each hour he worked in excess of 40 hours per work week.

30. Defendants failed to pay plaintiff overtime pay to which he was entitled under the FLSA.

31. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

32. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### New York Labor Law – Unpaid Overtime Wages

33. Plaintiff Robb repeats and realleges all forgoing paragraphs as if set forth herein.

34. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

35. Defendants failed to pay plaintiff overtime wages to which he was entitled under the NYLL.

36. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

37. As a result of defendants' willful violations of the NYLL, plaintiff has suffered damages by being denied overtime wages in accordance with the NYLL in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CLAIM
### New York Labor Law – Wage Theft Prevention Act, Failure to Provide Notices

38. Plaintiff repeats and reallege all forgoing paragraphs as if set forth herein.

39. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

40. In violation of NYLL § 191, defendants failed to furnish plaintiff Robb at the time of hiring and whenever there was a change to rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

41. Due to defendants' violation of NYLL § 195(1), plaintiff Robb is entitled to recover from defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FOURTH CLAIM
### New York Labor Law Wage Theft Prevention Act – Failure to Provide Wage Statements

42. Plaintiff repeats and reallege all foregoing paragraphs as if set forth herein.

43. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

44. Throughout plaintiff Robb's employment with defendants, defendants paid plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period.

45. Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; or net wages, in violation of the NYLL § 195(3).

46. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, respectfully requests that this Court enter a judgment:

    a.    declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

    b.    declaring that defendants violated the notice and record keeping provisions of the NYLL and WTPA;

    c.    declaring that defendants' violations of the FLSA and NYLL were willful;

      d.      enjoining future violations of the FLSA and NYLL by defendants;

      e.      awarding plaintiff Robb damages for unpaid overtime wages;

      f.      awarding plaintiff Robb liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

      g.      awarding plaintiff statutory damages as a result of defendants' failure to furnish wage statements pursuant to the NYLL;

      h.      awarding plaintiff statutory damages as a result of defendants' failure to furnish annual notices pursuant to the NYLL;

      i.      awarding plaintiff pre- and post-judgment interest under the NYLL;

      j.      awarding plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      k.      awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Rochester, New York
       March 1, 2023

**CORDELLO LAW PLLC**

By: /s/ Justin M. Cordello
Justin M. Cordello, Esq.
*Attorney for Plaintiff*
200 Anderson Avenue
Rochester, NY 14607
Tel.: (585) 967-7707
justin@cordellolaw.com